IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH A. TAYLOR, | No. C 13-2422 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| B. NEWTON; N. HEGGSTROM; | |
| Defendants. | |

## INTRODUCTION

Plaintiff, a California prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), filed this case in state court. Because the complaint contained a federal claims for the violation of plaintiff's due process rights, defendants timely removed the case to federal court. *See* 28 U.S.C. 1441, 1367. After a review of the complaint, it is dismissed without prejudice.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro

se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff claims that defendants violated his right to due process by "willfully and intentionally" issuing an "unwarranted" disciplinary report against him and, based on such a report, depriving him of good time credits and television for ninety days. If the discipline was unwarranted because plaintiff was innocent of the charge, this does not raise a due process issue because the Constitution demands due process, not error-free decision-making. *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994); *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983). The loss of television privileges also does not implicate a prisoner's right to due process because it is not a sufficiently severe hardship. *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995). While the loss of time credits may implicate the right to due process, in federal court such a claim may not be brought in a civil complaint, such as the one filed here, but rather must

be raised in a federal habeas corpus petition because a time credit claim affects the legality or duration of a prisoner's custody and a determination of which may likely result in entitlement to an earlier release. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997); *Young v. Kenny*, 907 F.2d 874, 876-78 (9th Cir. 1990); *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989). Consequently, plaintiff's claims will be dismissed for failure to state a cognizable claim for relief. The dismissal is without prejudice to plaintiff raising his due process challenge to the loss of time credits in a federal habeas corpus petition. Petitioner may also bring any cognizable claims under state law in state court, but he is cautioned that if he includes any claims for the violation of his federal constitutional rights or other federal law in his state court complaint, defendants may remove the action to federal court, as they did here.

## CONCLUSION

This case is **DISMISSED** without prejudice.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July  24 , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3